IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUE C. McNEIL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | NO. 3-02-CV-2072-L |
| WYETH f/k/a AMERICAN HOME § | |
| PRODUCTS CORPORATION d/b/a § | |
| A.H. ROBINS COMPANY § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Wyeth has submitted a bill of costs in the amount of $24,575.28 as the prevailing party in this civil action. Plaintiff Sue C. McNeil asks the court to exercise its discretion and refuse to award any costs to defendant or, in the alternative, to tax costs only in the amount of $540.47. For the reasons stated herein, plaintiff's objections are sustained in part and overruled in part.

I.

This is a products liability action involving the prescription drug Reglan.[1] The gravamen of plaintiff's complaint is that defendant failed to adequately warn physicians and consumers of the increased risk of developing tardive dyskinesia with long-term use of Reglan which renders the drug unreasonably dangerous. After the parties conducted extensive discovery, the court granted summary judgment in favor of defendant and dismissed the case with prejudice. *McNeil v. Wyeth*,

---

[1] Reglan is a "prokinetic" drug manufactured by defendant that helps control gastroesophageal reflux disease, or GERD, by blocking dopamine receptors in the brain and throughout the body, thus enhancing movement or contractions of the esophagus, stomach, and intestines. Like all prescription medications, Reglan and its generic equivalent, metoclopramide, have potential adverse side effects, some of which may be severe. Among the known side effects of Reglan are extrapyramidal symptoms, or abnormal movements of various parts of the body, and tardive dyskinesia, a disfiguring and potentially irreversible neurological disorder typically characterized by involuntary movements of the mouth, tongue, lips, and extremities.

2005 WL 544222 (N.D. Tex. Mar. 4, 2005). Defendant now seeks court costs as the prevailing party in this action.

II.

A prevailing party is entitled to recover its costs "unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Taxable costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. §§ 1821 & 1920. A district court may decline to award statutory court costs, but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1303 (1994). The party seeking reimbursement bears the burden of proving the amount and necessity of its costs. *See Communications Workers of America v. Ector County Hospital District*, 241 F.Supp.2d 617, 637 (W.D. Tex. 2002), *aff'd*, 392 F.3d 733 (5th Cir. 2004).

A.

Plaintiff first argues that she is unable to pay court costs due to her limited financial resources. In a sworn affidavit, plaintiff states that she is 71 years old and unable to work because of medical problems caused by her exposure to Reglan. Her sole source of income is a monthly social security check in the amount of $1,162.00 which she uses to pay utility bills, healthcare costs, and other living expenses. Plaintiff has no assets other than three bank accounts with a combined balance of less than $500.00. (*See* Jt. Stat. Rep., Exh. 1 at 1, ¶¶ 3-6).

The inability to pay is a proper factor to be considered in determining whether to grant or deny an award of court costs. *See Hartnett v. Chase Bank of Texas National Ass'n*, 1999 WL 977757 at *1 (N.D. Tex. Oct. 26, 1999) (Kaplan, J.), *citing McGill v. Faulkner*, 18 F.3d 456, 459

(7th Cir.), *cert. denied*, 115 S.Ct. 233 (1994). However, even an indigent litigant is not automatically exempted from the payment of costs. *Id.* at *1; *see also Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991). Here, plaintiff vigorously prosecuted a products liability claim against defendant in an expensive and protracted legal proceeding that lasted more than two and a half years. As the prevailing party, taxable court costs should be awarded to defendant "as of course." *See* FED. R. CIV. P. 54(d)(1). That plaintiff may not be able to pay such costs due to her advanced age, limited financial resources, and inability to work does not excuse her from this legal obligation. Accordingly, plaintiff's request that each party bear its own costs is denied.

B.

Defendant has submitted a cost bill the amount of $24,575.28.[2] This sum represents: (1) $205.00 for fees paid to the district clerk; (2) $335.47 for witness fees and printing costs; (3) $9,331.82 for fees related to 68 depositions on written questions; and (4) $14,702.99 for fees related to 22 oral depositions. Plaintiff does not object to the first two cost items. (*See* Jt. Stat. Rep. at 4, ¶(e)). The court therefore will limit its inquiry to fees related to the written and oral depositions.

1.

A prevailing party is entitled to recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Coats*, 5 F.3d at 891. Costs associated with a deposition taken primarily for discovery or investigative purposes are not recoverable. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991); *Card v. State Farm Fire and Casualty Co.*, 126 F.R.D. 658, 661-62 (N.D. Miss. 1989), *aff'd*, 902 F.2d 957 (5th Cir. 1990). However, costs should not be disallowed merely because the deposition was not

---

[2] Defendant originally sought $30,051.61 in taxable court costs. After conferring with opposing counsel, defendant agreed to reduce its claim to $24,575.28. (*See* Jt. Stat. Rep. at 1, ¶(c)).

ultimately used at trial or in connection with a dispositive motion. Such costs are taxable if the deposition appeared reasonably necessary at the time it was taken. *See Harnett*, 1999 WL 977757 at *3, *citing* 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2676 at 424 (3d ed.1998).

Judged against this standard, the court determines that the costs of taking the following depositions on written questions are recoverable:

| | | |
|---|---|---|
| 1. | Gurubasappa Motgi, M.D. | $ 124.75 |
| 2. | William Michael Mania, M.D. | $ 154.15 |
| 3. | Launey Medical & Surgical Group | $ 45.25 |
| 4. | Eduardo Mario Wilkinson, M.D. | $ 102.75 |
| 5. | North Central Medical Center | $ 105.31 |
| 6. | Anjaneya Puppala, M.D. | $ 88.50 |
| 7. | David R. Parker, M.D. | $ 80.71 |
| 8. | James Aston Ambulatory Care Center | $ 166.47 |
| 9. | Joseph Jankovic, M.D. | $ 33.75 |
| 10. | Parkinson's Disease Center and Movement Disorders Clinic | $ 58.50 |
| | **Total:** | **$ 960.14** |

Records obtained from each of these physicians and healthcare providers were used by defendant as summary judgment evidence. As such, they were "necessarily obtained for use in the case." *Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62, 64 (N.D. Ga. 1981), *aff'd,* 678 F.2d 919 (11th Cir.), *cert. denied*, 103 S.Ct. 302 (1982); *see also Tittle v. Raines*, 2002 WL 31757623 at *2 (N.D. Tex. Dec. 3, 2002) (Kaplan, J.); *Bank One Texas, N.A. v. Apex Energy, LLC*, 2002 WL

22055 at *1 (N.D. Tex. Jan. 4, 2002) (Kaplan, J.).[3]

In addition, defendant is entitled to recover the costs of taking, transcribing, and reproducing the following oral depositions:

| | | |
|---|---|---|
| 1. | Sue McNeil | $ 752.50 |
| 2. | Ronald B. Stewart, M.D. | $ 820.05 |
| 3. | Michael J. Aminoff, M.D. | $ 513.33 |
| 4. | Hal Morgenstern, Ph.D. | $ 617.65 |
| 5. | James Freston, M.D. | $ 708.18 |
| 6. | Robert T. Luke, M.D. | $ 245.00 |
| 7. | Karen Winslow | $ 273.00 |
| 8. | Anne Peri, M.S. | $ 224.00 |
| 9. | Richard Paul Bonfiglio, M.D. | $ 748.67 |
| 10. | William M. Mania, M.D. | $ 274.10 |
| 11. | Jeffrey Bower, M.D. | $ 161.00 |
| | **Total:** | **$5,337.48** |

It was manifestly reasonable for defendant to depose plaintiff in this lawsuit. *See Tittle*, 2002 WL 31757623 at *2. The other witnesses listed above were either experts retained by plaintiff or treating physicians. Although plaintiff claims that these depositions were taken solely for discovery, the record does not support that assertion. Defendant was justified in deposing these witnesses prior to

---

[3] Plaintiff's objection that the court did not rely on these records in granting summary judgment misses the mark. The relevant inquiry is whether there was "a reasonable expectation that the deposition [would] be used for trial preparation" at the time it was taken. *See Stearns Airport Equipment Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Clearly, it was reasonable for defendant to obtain medical records from physicians who prescribed Reglan or treated plaintiff for symptoms of tardive dyskinesia. Nor was defendant required to avoid the costs associated with depositions on written questions by asking plaintiff to produce her medical records pursuant to Fed. R. Civ. P. 34. Although the court has discretion to order alternative forms of discovery to minimize costs, *see* FED. R. CIV. P. 26(c)(3), plaintiff did not request such an order when defendant served deposition notices on her treating physicians and experts.

filing a motion for summary judgment. *See, e.g. Jansen v. Packaging Corp. of America*, 898 F.Supp. 625, 627 (N.D. Ill. 1995) (allowing costs of deposing plaintiff's expert in drug products liability case); *Horning v. Washoe Co.*, 108 F.R.D. 364, 366 (D. Nev. 1985) (finding that deposition of plaintiff's treating physician was "reasonably necessary").

The court reaches a different conclusion with respect to the other 58 depositions on written questions and 11 oral depositions taken by defendant. Records from physicians and healthcare providers who treated plaintiff for medical problems unrelated to her use of Reglan were not "necessarily obtained for use in the case."[4] Neither are costs associated with the oral depositions of defendant's own experts and company employees. *See Liberty Mutual Insurance Co. v. Gardere & Wynne*, 2004 WL 691229 at *1 (N.D. Tex. Mar. 29, 2004) (party not entitled to recover costs for copy of deposition of its own witness). Defendant has made no attempt to show that, at the time these depositions were taken, it had a reasonable expectation the records and testimony would be used for trial preparation. Without a more particularized showing of necessity, the costs of these other oral and written depositions are not recoverable.

2.

Defendant also seeks reimbursement for a variety of incidental costs and expenses. Miscellaneous costs related to depositions on written questions include: (1) $935.00 for fees paid to a records deposition service for preparing subpoenas; (2) $484.00 for witness fees; (3) $216.00 for trip fees; (4) $120.00 for notification fees; (5) $78.20 for hand delivery, overnight delivery, and

---

[4] By way of example, defendant obtained medical records from Cornea Associates of Texas and William A. Boothe, M.D., an optholmologist. There is no allegation that plaintiff suffered vision problems as a result of tardive dyskinesia or other movement disorders caused by her exposure to Reglan.

certified mailings; and (6) $20.00 for Rule 203 filings.[5] Costs related to oral depositions include: (1) $3,181.22 for expedited delivery;[6] (2) $50.00 for ASCII discs and condensed transcripts; (3) $1,123.25 for color copies and tabs; (4) $210.00 for Rule 203 fees; and (5) $229.42 for shipping and postage. None of these fees are authorized by statute. *See, e.g. Fogleman*, 920 F.2d at 286 (cost of obtaining deposition transcript on expedited basis not taxable without prior court approval); *Communications Workers of America*, 241 F.Supp.2d at 637 (postage and overnight delivery fees not taxable); *Liberty Mutual Insurance*, 2004 WL 691229 at *2 (cost of ASCII discs not taxable); *Apex Energy*, 2002 WL 22055 at *2 n.3 (cost incurred for "tabs" and other copying services not taxable); *Harris Corp. v. Sanyo North America Corp.*, 2002 WL 356755 at *3 (N.D. Tex. Mar. 4, 2002) (Kaplan, J.) (delivery charges and other costs incurred for convenience of counsel not taxable); *Pion v. Liberty Dairy Co.,* 922 F.Supp. 48, 53 (W.D. Mich. 1996) (record subpoena costs, including fees paid to a private service for preparation of subpoenas, witness fees, and copying fees not taxable). Therefore, defendant cannot recover these incidental costs.

Nor can defendant recover $503.19 for "court copies" of plaintiff's medical records that were to be used as exhibits during trial. The Fifth Circuit has held that "absent pretrial approval of the exhibits . . . a party may not later request taxation of the production costs to its opponent." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir.), *cert. denied*, 116 S.Ct. 173

---

[5] The court presumes "Rule 203" refers to Tex. R. Civ. P. 203, which requires the court reporter to provide the original deposition transcript to the witness for examination and signature. However, the federal rule contains no such requirement. *See* FED. R. CIV. P. 30(e) (deponent may request opportunity to review deposition transcript or recording). Moreover, even under Texas law, the requirements of presentation and signature do not apply to depositions on written questions. *See* TEX. R. CIV. P. 203.1(c)(2).

[6] The invoices submitted by defendant for one of the Bonfiglio depositions and the Mania deposition do not segregate the charges for expedited delivery from the cost of the deposition transcripts. However, it appears from other invoices that the typical charge for expedited delivery is roughly 75% of the total cost of the deposition. Thus, the court has calculated the charge for expedited delivery of the Bonfiglio and Mania transcripts at 75% of the total cost of the depositions, or $591.67. *See Harris Corp. v. Sanyo North America Corp.*, 2002 WL 356755 at *3 n.3 (N.D. Tex. Mar. 4, 2002) (Kaplan, J.) (using similar method to arrive at cost of deposition transcript).

(1995); *see also Abundiz v. Lee*, 2004 WL 1161402 at *5 (N.D. Tex. May 24, 2004), *rec. adopted*, 2004 WL 1373216 (N.D. Tex. Jun. 18, 2004) (costs for copies of trial exhibits not recoverable without prior court approval). Here, defendant never sought or obtained court approval to make additional copies of plaintiff's medical records for use at trial. Consequently, this cost item is disallowed.

## **CONCLUSION**

Plaintiff's objections to defendant's bill of costs are sustained in part and overruled in part. The court denies plaintiff's request that each party bear its own costs. Subject to that request, plaintiff does not object to the taxation of $205.00 for fees paid to the district clerk and $335.47 for witness fees and printing costs. The court determines that defendant is entitled to $960.14 for fees related to depositions on written questions and $5,337.48 for fees related to oral depositions. Accordingly, the clerk shall tax costs against plaintiff in the amount of $6,838.09.

SO ORDERED.

DATED: May 20, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE